IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re PHILIP EMIABATA,<br><br>Appellant. | Case No.: 3:26-cv-00962-AN<br><br><br>OPINION AND ORDER |

This bankruptcy appeal arises out of Case No. 26-31444-dwh13 in the U.S. Bankruptcy Court for the District of Oregon. Appellant Philip Emiabata now seeks a temporary restraining order ("TRO") permitting reentry into his Texas home.[1] The Court finds that oral argument will not help resolve this matter. *See* Local R. 7-1(d). For the reasons stated below, appellant's motion is DENIED.

## LEGAL STANDARD

TROs are subject to substantially the same factors as preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a party seeking a TRO must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20-22. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

---

[1] Although later filings additionally reference Sylvia Emiabata as a plaintiff, only Philip Emiabata is named in the appeal, *see* ECF 1.

Federal Rule of Civil Procedure 65 provides that a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A court may issue an ex parte TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The issuance of ex parte TROs is "extremely limited" because "'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974)). Courts have recognized that issuance of an ex parte TRO may be appropriate in limited circumstances "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" or "because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotation marks and citation omitted).

## BACKGROUND

This bankruptcy appeal, from Case No. 26-31444-dwh13 in the U.S. Bankruptcy Court for the District of Oregon (the "Oregon Bankruptcy Court"), arises out of a separate bankruptcy proceeding in the U.S. Bankruptcy Court for the District of Arizona (the "Arizona Bankruptcy Court"). *See* Transmittal of R. on Appeal ("Transmittal of Record"), ECF 5, at 2 (all citations refer to ECF pagination). The Arizona Bankruptcy Court barred appellant from filing a bankruptcy petition until February 27, 2029. *Id.* Pursuant to this bar, the Oregon Bankruptcy Court dismissed appellant's Oregon bankruptcy proceeding on April 24, 2026, and held that appellant "may not file any new petition while that bar, and any others, remain in effect." *Id.* Appellant appealed that dismissal to this Court on May 13, 2026. *See* Notice of Appeal, ECF 1. On June 18, 2026, appellant filed a motion for leave to authorize the bankruptcy court to rule on a pending motion, ECF 10. Appellant now asks this Court for an ex parte TRO; an order for immediate re-entry and

2

restoration of possession of his residence in Pflugerville, Texas; and an order to show cause why a preliminary injunction should not issue. *See* Mot. for TRO, ECF 11, at 1-2.

In his motion for TRO, appellant argues he was "forcibly expelled from [his] home . . . by the execution of a writ of possession that . . . was obtained through a state court judgment entered after [appellant] had already duly removed [the] action to the U.S. District Court for the District of Arizona," and that the writ "is void *ab initio*." *Id.* at 2. The state court judgment at issue was entered by the "County Court at Law #2, Travis County, Texas" in "Cause No. C-1-CV-24-003767" (the "Texas State Court Action"). *Id.* at 4. On June 18, 2024, appellant filed a notice of removal, "effecting the removal of the [Texas] State Court Action to the United States District Court for the District of Arizona, Phoenix Division." *Id.* at 5. On March 10, 2026, "the clerk of the state court issued a Writ of Possession," which was subsequently executed on April 23, 2026. *Id.* at 6. Appellant was "physically removed . . . from his home by force of" this writ. *Id.* Since then, appellant "has had no secure shelter." *Id.*

Appellant also attaches several documents to his motion for TRO, five of which appear most pertinent to this action. First, appellant includes a docket report in U.S. District of Arizona (the "Arizona District Court") Case No. 2:24-cv-00802-GMS. *Id.* at 22-25. That proceeding appears to be a bankruptcy appeal from an underlying Arizona Bankruptcy Court proceeding. *See id.* at 22-23. The docket shows that appellant filed a "NOTICE re: Removal by Philip O Emiabata, Sylvia N Emiabata" on June 26, 2024. *Id.* at 23. The docket also shows an order dismissing the appeal for lack of prosecution, issued on November 7, 2024; an order denying appellant's motion to reopen the case, issued on August 14, 2025; and a notice of appeal to the Ninth Circuit, entered on August 25, 2025. *Id.* at 24-25. Second, appellant attaches his "NOTICE OF FILING OF NOTICE OF REMOVAL," which was filed in "Cause No. J2-CV-24-003343" with the Justice of the Peace for Travis County. *Id.* at 33. Third, appellant attaches a judgment of possession, which appears to have been entered in Cause No. J2-CV-003343 by the presiding Justice of the Peace for Travis County. *See id.* at 36-37. Fourth, appellant attaches a notice of removal that was filed in the Arizona District Court on June 26, 2024, which seeks to remove the Texas State Court Action to the Arizona District Court. *Id.* at 38-39. Fifth and finally, appellant attaches a final judgment that was issued

3

in the Texas State Court Action on March 11, 2026, which grants Shellpoint Mortgage Servicing possession of the Pflugerville, Texas property at issue. *Id.* at 67-68.

## DISCUSSION

There is no doubt that the loss of one's home is serious, urgent, and frequently devastating. However, this Court cannot provide appellant with the relief he seeks for at least three reasons: lack of jurisdiction, improper venue, and a lack of showing on the merits.

First and foremost, this Court does not have jurisdiction to address appellant's motion for TRO. Federal courts are prohibited from "review[ing] final judgments of a state court in judicial proceedings" under the *Rooker-Feldman* doctrine. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). District courts must also refuse to hear cases where "the parties do not directly contest the merits of a state court decision" but the "claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (citation and quotation marks omitted). The Ninth Circuit has held that *Rooker-Feldman* applies to actions challenging unlawful evictions. *See Bumphus v. Hazeltree Apartments*, 63 F. App'x 382, 383 (9th Cir. 2003) ("The district court properly dismissed [the plaintiff's] claim, which alleged a conspiracy that resulted in his illegal eviction, because the claim effectively seeks review of a final, state court decision."). Appellant's motion for TRO asks this Court to review and set aside a state court judgment. *See* Mot. for TRO 2-4, 36-37. The *Rooker-Feldman* doctrine thus bars the Court from granting appellant's motion for TRO and deprives this Court of jurisdiction over appellant's motion. *See In re Bauman*, No. 3:24-cv-1564 JLS (BLM), 2024 WL 4647299, at *6 (S.D. Cal. Oct. 31, 2024) (collecting cases).[2]

---

[2] Additionally, this action is before this Court pursuant to 28 U.S.C. § 158(a), which grants federal district courts jurisdiction to hear appeals from "final judgments, orders, and decrees," as well as certain

Second, it does not appear that this is the proper venue for appellant's motion. Appellant asserts that venue is proper "in the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the subject property, " in Pflugerville, Texas, "is situated within this District . . . and because all acts and omissions giving rise to [appellant's] claims . . . occurred during the Bankruptcy estate procedure within this District." Mot. for TRO 3. However, neither of these statements appear true. By appellant's own admissions, the property at issue is located in Pflugerville, Texas—not Oregon. And the final judgment in the Texas State Court Action was issued on March 11, 2026, *see* Mot. for TRO 67, before appellant initiated the Oregon Bankruptcy Court proceeding on April 24, 2026, *see* Case No. 26-31444-dwh13 (Bankr. D. Or., 2026), ECF 1. This district thus seems to be the improper venue for appellant's motion.

Third and finally, appellant has not shown that the *Winter* factors support issuance of a TRO. Because appellant's motion is barred by the *Rooker-Feldman* doctrine, appellant cannot show a likelihood of success or even serious questions going to the merits of his argument. Additionally, appellant's argument centers around his removal of the Texas State Court Action. However, the only removal shown in the record was filed in the Arizona District Court. *See* Mot. for TRO at 23. Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). This means that a state court action may only be removed to the district court of the same state—not to a separate state's district court. While this Court has not assessed either of the underlying actions, it is not apparent how appellant could have properly removed his Texas State Court Action to the Arizona District

---

interlocutory orders and decrees entered by bankruptcy courts "in cases and proceedings." 28 U.S.C. § 158(a); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020). This Court may therefore rightfully address appellant's appeal from the Oregon Bankruptcy Court's orders dismissing his bankruptcy proceeding. *See* Order of June 12, 2026, ECF 7. What appellant seeks to challenge via the present TRO motion, however, does not arise out of or even seem to relate to any judgment, order, or decree entered by the Oregon Bankruptcy Court. The Court does not see how it has jurisdiction under 28 U.S.C. § 158(a) to address appellant's eviction from his Texas home.

Court.  For all these reasons, appellant's motion for TRO is denied.

<strong>CONCLUSION</strong>

For the reasons stated herein, appellant's motion for temporary restraining order, order for immediate re-entry and restoration of possession, and order to show cause why a preliminary injunction should not issue, ECF 11, is DENIED.

Additionally, appellant's motion for leave to authorize the bankruptcy court to rule on pending motion, ECF 10, is DENIED.  As described above, the Oregon Bankruptcy Court has dismissed appellant's bankruptcy proceeding and closed the case.

IT IS SO ORDERED.

DATED this 7th day of July, 2026.

Adrienne Nelson
United States District Judge